IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARION RAY SEXTON | Case No.   23-mj-00026-JPO<br><br>**Filed Under Restriction** |

## MOTION TO RESTRICT CASE

The United States of America, by and through Bryan Fields, Assistant United States Attorney, moves the Court to enter an Order restricting the Affidavit in Support of Criminal Complaint in the above-named matter, as well as this Motion and the Court's Order restricting these documents at Level 3, and as grounds therefore submits the following:

1. The Affidavit in Support of Criminal Complaint has been filed as part of a continuing criminal investigation.

2. This is an on-going criminal investigation. While the main target of the investigation has been interviewed and is in state custody on related charges, he is not aware of not aware of the details of the investigation, including the FBI's knowledge of where evidence related to the case might be located, the scope of the FBI's knowledge and investigation, and the witnesses described in the affidavit. Accordingly, there is reason to believe that notification of the details within the Affidavit in Support of Criminal Complaint will seriously jeopardize the investigation. Knowing those details could cause the target to destroy caches of evidence currently unknown to the FBI or to retaliate against or attempt to influence witnesses, whose identities he can likely discern from his personal knowledge. The high penalties associated with

the violations under investigation may also encourage the target to flee.

3. Restriction of the Affidavit in Support of Criminal Complaint at Level 3 is appropriate under D.C.Colo.LCrR 47.1 for the following reasons: (1) the interests stated herein outweigh the presumption of public access; (2) the clearly defined and serious injuries described above would result if access is not restricted at Level 3, and; and (3) only restricted access will adequately protect the interests in question. These interests are further described as follows: the target is unaware of the details of the investigation. Accordingly, it is necessary to maintain the secrecy of the investigation, as there is reason to believe that notification of the information in the affidavit will seriously jeopardize the investigation by giving the targets an incentive to flee from prosecution or destroy or tamper with evidence, as described above. Restricting access to the case and documents is the only practicable way to maintain the secrecy of the investigation and to adequately protect these concerns.

3. The Government requests that the Order allow the Government to produce the Affidavit in Support of Criminal Complaint and associated documents pursuant to its discovery obligations and/or to disseminate said documents to law enforcement partners, including state law enforcement authorities who may be conducting any parallel investigations, without further order of the Court.

WHEREFORE, the Government respectfully moves that the Affidavit in Support of Criminal Complaint, and the Court's Order restricting these documents be restricted at Level 3 until further order of the Court. Further, the Government requests that the Order allow the Government to produce the Affidavit in Support of Criminal Complaint and associated

documents pursuant to its discovery obligations and/or to disseminate said documents to law enforcement partners without further order of the Court.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/Bryan Fields*

By: Bryan Fields
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: bryan.fields3@usdoj.gov
Attorney for Government