IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-mj-00026-JPO

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**DARION RAY SEXTON**

       Defendant.

---

**ORDER EXCLUDING TIME BEFORE INDICTMENT**

---

Upon consideration of the Joint Motion to Extend Time for Indictment, the Court, having reviewed the parties' joint motion and having considered all of the factors set forth in the caes cited therein, including *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007) and *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987), finds as follows:

    1.    The defendant was taken into federal custody on January 24, 2023 based on a warrant issued the previous day.   Absent an exclusion of time, the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74, requires that an indictment or information be filed 30 days after the defendant's arrest: on or before February 23, 2023;

    2.    As a practical matter, because grand juries do not meet in this district every week, and because the government would need time to the present the matter to the grand jury, the parties have considerably less than 30 days to actually negotiate a possible plea in this case;

3.      Counsel for both parties are diligently reviewing the facts of this matter and are engaged in good-faith plea negotiations that may result in a disposition of the matter without the need for an indictment or trial.   However, the parties need time to review the discovery, negotiate a plea agreement, and file an Information. The government also needs time to seek the statutorily-required authority necessary to bring certain charges. Without additional time, the Speedy Trial Act would require the government to present the case to a grand jury in circumstances where, given more time, the parties might have been able to resolve the matter without burdening the grand jury and with charges that better fit the nature of the crime.   Such a result would harm the defendant, who would be unnecessarily indicted, burden the Court, which would have to expend resources related to docketing and scheduling the resulting case, and unnecessarily complicate the parties' plea discussions;

4.      Granting additional time in this case is also in the best interests of the public because it increases the likelihood that this matter can be resolved without the burdens of a trial;

5.      I find, based on the representations of counsel, that a sixty-day exclusion is necessary to provide counsel with time fully negotiate a plea and, if plea discussions are successful, for the government to file an information;

6.      For the reasons set forth in the Joint Motion to Extend Time for Indictment, the reasons set forth on the record today, and for the reasons set forth above, I find that the requested sixty-day extension of time furthers the ends of justice and that the ends of justice outweigh the interest of the public and the defendant in a speedy trial.

IT IS THEREFORE ORDERED that the parties' Joint Motion to Extend Time for Indictment is GRANTED.

IT IS FURTHER ORDERED that the 60-day time period between and including January 27, 2023 to March 27, 2023 (60 days) is hereby excluded, pursuant to 18 U.S.C. § 3161(h)(7)(A), in computing the time in which an indictment must be filed.   The new deadline by which an indictment must be filed is on or before April 27, 2023.

SO ORDERED this 27th day of January, 2023

*James P. O'Hara*

_____
HONORABLE JAMES P. O'HARA
UNITED STATATES MAGISTRATE JUDGE
DISTRICT OF COLORADO